IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MORADEAUN OKEOWO                    *

    *Plaintiff*,                            *

    v.                                  *        **Case No. 1:23-cv-02713-JRR**

THE CHILDREN'S GUILD,              *

    *Defendant*.                          *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

Plaintiff Moradeun Okeowo filed the underlying action against Defendant The Children's Guild, alleging unlawful discrimination based on race, national origin, and disability. (ECF No. 4; the "Complaint"). Defendant removed the action to this court on October 6, 2023. (ECF No. 1.) Pending now before the court is Defendant's Motion to Dismiss (ECF No. 3; "Defendant's Motion") and Plaintiff's Motion for Remand to State Court (ECF No. 11; "Plaintiff's Motion"). The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, Plaintiff's Motion will be DENIED and Defendant's Motion will be GRANTED.

I.      **BACKGROUND**[1]

This action arises from Plaintiff's terminated employment with Defendant. (ECF No. 4 ¶ 7.) On October 8, 2018, Plaintiff, a Black woman of Nigerian origin, began her employment with Defendant as a Human Resources Operation Manager, earning an annual salary of $78,000.[2] *Id.*

---

[1] For purposes of resolving Defendant's Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 3.) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).
[2] The court construes the salaries identified in the Complaint to be annual salaries. (ECF No. 4 ¶ 13.)

¶¶ 7,8.  On November 11, 2019, Plaintiff received a pay increase of $10,000.  *Id.* ¶ 9.  Plaintiff received two subsequent promotions during her employment with Defendant: (1) a promotion to Assistant Director of Human Resources on March 12, 2020, with an annual salary of $96,356.12; and (2) a promotion to Human Resources Director, with an annual salary of $112,000.  *Id.* ¶¶ 12, 13.  With respect to her Human Resources Director position, Plaintiff contends that she received a lower salary than "similarly situated white Human Resources Directors in the same position."  *Id.* ¶ 13.  Plaintiff further alleges she had no record of discipline while working for Defendant.  *Id.* ¶ 11.

On November 20, 2021, following "an on-going health crisis" and the development of hypertension and other medical symptoms, Plaintiff submitted a request to Defendant to work remotely three days per week.  *Id.* ¶¶ 15–16.  That same day, Defendant's Chief Legal Officer denied Plaintiff's request "with explanation and offered [her] severance pay."  *Id.* ¶ 17.  On April 11, 2022, Defendant's Chief Executive Officer, Jenny Livelli, sent a letter to Plaintiff discharging her from her employment citing "serious issues with her management as well as supposed prior issues," of which, Plaintiff contends, she was never informed.  *Id.* ¶¶ 18–19.

On September 6, 2023, Plaintiff filed an action against Defendant in the Circuit Court for Baltimore County, alleging discrimination based on race and national origin in violation of MD. CODE ANN., STATE GOV'T § 20-606, known as the Maryland Fair Employment Practices Act ("MFEPA") (Count I); wrongful termination in violation of Section 20-606 of MFEPA (Count II); failure to make reasonable accommodations in violation of Section 20-606 of MFEPA (Count III); discrimination based on race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count IV); and discrimination based on disability in violation of the Americans with Disabilities Act ("ADA") (Count V).  (ECF No. 4 at pp. 4–11.)  The state court

action was styled *Moradeun Okeowo v. The Children's Guild, Inc.*, bearing Case Number C-03-CV-23-003623.  (ECF No. 1. ¶ 1.)  Plaintiff effectuated service upon Defendant on September 12, 2023.  *Id.* ¶ 2.  Subsequently, Defendant removed the action to this court on October 6, 2023, invoking federal question jurisdiction pursuant to 28 U.S.C. §1446(b).  (ECF No. 1.)  On October 9, 2023, Defendant filed the notice of removal with the Circuit Court for Baltimore County.  (ECF No. 14-1 at p. 3.)  Despite the notice of removal, Plaintiff filed an amended complaint in the state court action on October 11, 2023.  *Id.* at p. 3.

II.     **LEGAL STANDARD**

   A. **Motion to Remand**

   Defendant may remove an action brought in state court to the federal court where the federal court would have original jurisdiction over the action.  28 U.S.C. § 1441(a).  On a motion to remand, the removing party bears the burden of establishing federal jurisdiction.  *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 176 (4th Cir. 2017).  Removal jurisdiction raises "significant federalism concerns," *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)), and therefore federal courts must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997) (citations omitted).

   B. **Federal Rule of Civil Procedure 12(b)(6)**

   A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  Accordingly, a "Rule 12(b)(6) motion should only

be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

## III.   ANALYSIS

### A. Motion to Remand[3]

Plaintiff seeks to have this action remanded to state court because she purports to have filed an amended complaint that strikes Counts IV (Title VII) and V (ADA) of the original complaint. (ECF No. 11 at p. 1-2.) On that basis, Plaintiff asserts that the basis of this court's jurisdiction—

---

[3] While Defendant's Motion preceded Plaintiff's Motion, the court will first address Plaintiff's Motion, as remand would divest the court of jurisdiction to rule on Defendant's Motion.

federal question—no longer exists, and the court should therefore exercise its discretion to remand the action to state court.  (ECF No. 11-1 at p. 3.)

Whether removal is proper is determined according to Plaintiff's pleading "at the time of the petition of removal."  *Johnson v. Citibank, N.A.*, 63 F. Supp. 3d 545, 550 (D. Md. 2014) (quoting *Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939)).  When a complaint is amended following removal, courts "look at the original complaint[] rather than the amended complaint[] in determining whether removal was proper."  *Pinney v. Nokia, Inc.*, 402 F.3d 430, 443 (4th Cir. 2005).  "Promptly after the filing of [ ] notice of removal of a civil action," Defendant "shall give written notice thereof" to Plaintiff and "shall file a copy of the notice with the clerk of such State court."  28 U.S.C. § 1446(d).  Such notice "shall effect the removal and the State court shall proceed no further unless and until the case is remanded."  *Id.*  The Supreme Court has explained that, after a notice of removal is filed, "[t]he state court 'los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not . . . simply erroneous, but absolutely void.'"  *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696, 700 (2020) (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)).  *See Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996) ("A proper filing of a notice of removal immediately strips the state court of its jurisdiction."); *Cox-Stewart v. Best Buy Stores, L.P.*, 295 F. Supp. 2d 566, 568 (D. Md. 2003) (same).

Here, there appears no dispute that removal was proper, and the court finds that it was, in fact, proper.  Defendant removed the action within 30 days of service.  28 U.S.C. § 1446(b)(1). (ECF No. 1 ¶ 2.)  The action seeks relief for alleged violations of Title VII and the ADA – counts arising under federal law pursuant to 28 U.S.C. § 1331.  *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the

face of the plaintiff's properly pleaded complaint.").  For the purposes of this court's consideration, the Complaint, asserting claims under federal law, is the operative complaint in this action, both now and at the time of removal.  *See Pinney*, 402 F.3d at 443, *supra*.

Further, contrary to Plaintiff's assertion, no amended complaint was filed in this court, and the purported amended complaint filed in the state court action (that Plaintiff did not provide to this court) is not operative, because the state court was divested of jurisdiction upon removal. *Roman Cath. Archdiocese*, 140 S. Ct. at 700, *supra*.  In sum, Plaintiff's Motion lacks merit and the court will deny it.

### B.  Motion to Dismiss

Turning to Defendant's Motion, Defendant seeks dismissal of this action because, it contends, (i) Plaintiff has failed to plead facts showing exhaustion of administrative remedies; and (ii) Plaintiff has failed to plead facts to support her claims of discrimination on the basis of race, national origin, and disability.  (ECF No. 3-1 at p. 1–2.)  Notably, Plaintiff failed to submit a substantive response.

### 1.  Administrative Exhaustion

The Supreme Court has concluded that "Title VII's charge-filing requirement is a [mandatory] processing rule," and it is "not of a jurisdictional cast."  *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019).  Instead, it speaks to a party's procedural obligations prior to commencing a civil action.  *Id.*  "Requiring exhaustion of administrative remedies serves twin objectives: protecting agency authority in the administrative process and 'promot[ing] efficiency' in the resolution of claims. *Stewart v. Iancu*, 912 F.3d 693, 699 (4th Cir. 2019) (*Woodford v. Ngo*, 548 U.S. 81, 89 (2006)).  "[E]xhaustion requirements ensure that agencies are provided the first opportunity to 'exercise [ ] discretion' or 'apply [ ] expertise.'  *Id.* (quoting *McKart v. United*

*States*, 395 U.S. 185, 193–94 (1969)).  "The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005).  It "serves a vital function in the process of remedying an unlawful employment practice." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013).  "[T]his exhaustion requirement is 'an integral part of the Title VII enforcement scheme." *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (quoting *Chacko v. Patuxent Inst.,* 429 F.3d 505, 510 (4th Cir. 2005)).

Relevant here, both Title VII and the ADA require Plaintiff to "exhaust [her] administrative remedies by filing a charge with the EEOC before pursuing a suit." *Id.*  Similarly, the MFEPA requires "a plaintiff alleging employment discrimination to exhaust administrative remedies before filing their lawsuit, or else the claim is time barred." *Bush v. Frederick Cnty. Pub. Sch.*, No. 23-1127, 2024 WL 639255, at *3 (4th Cir. Feb. 15, 2024) (citing *Watson v. Bd. of Educ. for Prince George's Cnty.*, No. 2006, Sept. Term, 2019, 2021 WL 4893594, at *16 (Md. Ct. Spec. App. Oct. 20, 2021)).  *See also Familia v. High*, No. CV TDC-21-1139, 2022 WL 899747, at *5 (D. Md. Mar. 28, 2022) ("A similar requirement exists for claims under the MFEPA."); MD. CODE ANN., STATE GOV'T § 20–1013(a)(i) ("[A] complainant may bring a civil action against the respondent alleging an unlawful employment practice, if: (i) the complainant initially filed a timely administrative charge or a complaint under federal, State, or local law alleging an unlawful employment practice by the respondent.").

Here, Plaintiff has made no allegation that she filed a timely charge or otherwise exhausted her administrative remedies prior to initiating this action.  The Complaint lacks any reference on which the court may even infer that Plaintiff filed any sort of administrative charge or complaint.  Moreover, Plaintiff failed to respond to Defendant's arguments in its motion to dismiss.  *See*

*United States v. Hartford Accident & Indem. Co.*, 168 F. Supp. 3d 824, 842 (D. Md. 2016) ("Litigants ignore arguments in dispositive motions at their peril."); *Ferdinand-Davenport v. Children's Child*, 742 F.Supp.2d 772, 777 (D. Md. 2010) ("By her failure to respond to this argument, the plaintiff abandons any [the] claim."). Defendant has asserted that Plaintiff has failed to exhaust her administrative remedies, and the court has no basis for concluding that Plaintiff has indeed done so. Even accepting the facts in the Complaint as true, therefore, Plaintiff has not demonstrated entitlement to relief on any basis. *See Evans*, 2021 WL 5326463, at *2, *supra*. Accordingly, Plaintiff fails to state a claim upon which relief may be granted under the MFEPA, Title VII, and the ADA, and the Complaint must be dismissed.[4]

1. **CONCLUSION**

For the reasons set forth herein, by separate order, Plaintiff's Motion to Remand (ECF No. 11) will be DENIED, and Defendant's Motion to Dismiss (ECF No. 3) will be GRANTED.

April 12, 2024

_____/s/_____
Julie R. Rubin
United States District Judge

---

[4] Because the court will dismiss the action on grounds of exhaustion, the court declines to consider Defendant's remaining arguments. Regardless, because Plaintiff has failed to offer any response, she has conceded Defendant's Motion in its entirety. *See Ferdinand-Davenport*, 742 F.Supp.2d at 777, *supra*.